IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HARRIS,

    Plaintiff,                        No. CIV 05-0003 ALA P

    vs.

DR. KIM, et al.,

    Defendants.                     <u>ORDER</u>

_____/

      On January 3, 2005, plaintiff Darren Harris, a prisoner proceeding in forma pauperis, filed this civil rights action under 42 U.S.C. § 1983. Docket No. 1. Mr. Harris alleges in his Complaint that his Constitutional rights were violated when officials of Corcoran State Prison forced him to clean a kitchen with "corrosive powderwash soap," prison medical personnel denied him treatment for his resulting injuries, and funds were stolen from his prison trust account. The Complaint names thirty-eight defendants, many of whom Mr. Harris seeks to hold liable in a purely supervisory capacity.[1]

      On January 26, 2005, the Court issued an order granting Mr. Harris leave to proceed in forma pauperis and ordering him to pay the $150 filing fee in accordance with 28 U.S.C. §

---

[1] For reasons that are unclear, Mr. Harris includes only twenty-one of these defendants in the caption of his Complaint. He lists the rest in the body of the Complaint.

1

1915(b)(2).  Docket No. 3.  The order did not, however, direct the Clerk of Court to send Mr. Harris the documents necessary to effect service of process on any of the named defendants. Consequently, it appears that none of those defendants have yet been served with process.

Under 28 U.S.C. § 1915A, this Court is obligated to "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "dismiss . . . any portion of the complaint, if the complaint – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §1915A(a)-(b).  This Court must therefore determine whether service is proper as to each of the numerous defendants named in Mr. Harris' Complaint.  The Court must also determine, with respect to each defendant, whether the Complaint is frivolous or fails to state a claim.

Mr. Harris' Complaint adequately alleges claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against named defendants Olivarria, Castro, Molina, Williams, Clark, Kim, Klarich, and Lowden.  It specifies particular actions allegedly committed by each of those defendants, which allegedly deprived Mr. Harris of federal Constitutional rights.  Specifically, Mr. Harris asserts that defendants Olivarria, Castro, Molina, Williams, and Clark ordered him to clean the kitchen with the corrosive soap, that Dr. Kim refused to provide him with needed medical treatment, that defendant Lowden intentionally interfered with certain disciplinary proceedings against him and caused him to be reassigned to a dangerous assignment, and that Dr. Klarich falsified information about his medical condition.  If the allegations of the Complaint are proven, Mr. Harris has a reasonable opportunity to prevail on the merits of this action as to those defendants.

Mr. Harris has not sufficiently pled a § 1983 cause of action, however, as to named defendants Alameida, Skribner, Brook, Becker, Trujillo, Tiernan, Rush, Hobbs, Cruz, Jones, Swarm, Cisneros, Garrett, James, Greaves, Grannis, Yamamoto, Centeno, Thirakomen, Hasadsri, Meis, Vidal, Chan, MacLennan, Dang, Tuason, Larson, Olsen, Steele, or Hardin.  "To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was

committed by a person action under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989)). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if [that person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  There is no respondeat superior liability under § 1983, and a person can only be subject to §1983 liability for the acts of others "[i]n limited circumstances." *Id.* "[A] supervisor is liable for the constitutional violations of subordinates, 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Id.* (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)).

Mr. Harris's Complaint completely fails to allege that any of the defendants listed at the top of the previous paragraph did any affirmative act, participated in any affirmative act, or omitted to perform any act they were legally required to do, so as to cause a deprivation of his Constitutional rights. The Complaint also fails to allege that any of those defendants participated in or directed violations of Mr. Harris' rights, or knew of violations but failed to prevent them. The only allegations pertaining to those defendants are so vague and conclusory as not to provide fair notice of the basis of Mr. Harris's claims against them. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("all the [Federal] Rules [of Civil Procedure] require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.")  Consequently, the Court will dismiss Mr. Harris' Complaint against those defendants under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, but permit Mr. Harris leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants:

    a. Olivarria

    b. Castro

3

     c.  Molina

     d.  Williams

     e.  Clark

     f.  Kim

     g.  Klarich

     h.  Lowden

  2.  The Clerk of the Court shall send plaintiff eight USM-285 forms, one summons, an instruction sheet and a copy of the Complaint filed January 3, 2005.

  3.  Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

     a.  The completed Notice of Submission of Documents;

     b.  One completed summons;

     c.  One completed USM-285 form for each defendant listed in number 1 above; and

     d.  Nine copies of the endorsed Complaint filed January 3, 2005.

  4.  Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the Court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

  5.  Plaintiff's Complaint is dismissed without prejudice as to named defendants Alameida, Skribner, Brook, Becker, Trujillo, Tiernan, Rush, Hobbs, Cruz, Jones, Swarm, Cisneros, Garrett, James, Greaves, Grannis, Yamamoto, Centeno, Thirakomen, Hasadsri, Meis, Vidal, Chan, MacLennan, Dang, Tuason, Larson, Olsen, Steele, and Hardin.

///
///
///
///
///

6. Plaintiff is granted thirty (30) days from the date of this order to file an amended Complaint.

DATED: August 10, 2007

/s/ Arthur L. Alarcón
UNITED STATES CIRCUIT JUDGE
Sitting by Designation