IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARREN HARIS,

      Plaintiff,                    1:05-CV-00003 ALA P

    vs.

Dr. KIM, et al.,

      Defendants.          <u>ORDER</u>

_____/

      On January 3, 2005, plaintiff Darren Harris, a prisoner proceeding *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983.  Mr. Harris alleges in his complaint that his Constitutional rights were violated when officials of Corcoran State Prison forced him to clean a kitchen with "corrosive powderwash soap," prison medical personnel denied him treatment for his resulting injuries, and funds were stolen from his prison trust account. Mr. Harris's initial complaint named thirty-eight defendants.  On August 13, 2007, the court ordered that service was appropriate as to eight of the defendants, dismissing the claims against the remaining defendants without prejudice.  Mr. Harris filed an amended complaint on November 5, 2007, naming defendants Swarm, Cisneros, Tiernan, Rush, Hobbs, Jones, Cruz, Lowden, Smooth, Brook, Skribner, Williams, Grannis, Castro, Molina, Clark, Klarich, Kim, Greaves, Castillo, Crawford, Wortmen, and Olivarria. Mr. Harris names all defendants in both their individual and

official capacities.

I

Under 28 U.S.C. § 1915A, this Court is obligated to "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and to "dismiss . . . any portion of the complaint, if the complaint-(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b). This Court must therefore determine whether service is proper as to each of the numerous defendants named in Mr. Harris' complaint. The Court must also determine, with respect to each defendant, whether the complaint is frivolous or fails to state a claim.

"To sustain an action under section 1983, a plaintiff must show (1) that the conduct complained of was committed by a person action under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right." *Hydrick v. Hunter*, 466 F.3d 676, 689 (9th Cir. 2006) (quoting *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989)). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of 1983, if [that person] does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made." *Id*. (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir.1978)). There is no respondeat superior liability under § 1983, and a person can only be subject to § 1983 liability for the acts of others "[i]n limited circumstances." *Id*. "[A] supervisor is liable for the constitutional violations of subordinates, 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.' " *Id*. (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)).

/////

II

This court concluded in its August 13, 2007 order that Mr. Harris's complaint adequately alleges claims pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b) against named defendants Olivarria, Castro, Molina, Williams, Clark, Kim, Klarich, and Lowden. This court reasoned:

> It specifies particular actions allegedly committed by each of those defendants, which allegedly deprived Mr. Harris of federal Constitutional rights. Specifically, Mr. Harris asserts that defendants Olivarria, Castro, Molina, Williams, and Clark ordered him to clean the kitchen with the corrosive soap, that Dr. Kim refused to provide him with needed medical treatment, that defendant Lowden intentionally interfered with certain disciplinary proceedings against him and caused him to be reassigned to a dangerous assignment, and that Dr. Klarich falsified information about his medical condition. If the allegations of the complaint are proven, Mr. Harris has a reasonable opportunity to prevail on the merits of this action as to those defendants.

Accordingly, Mr. Harris has sufficiently pled causes of action against defendants Castro, Molina, Olivarria, Williams, Clark, Kim, Klarich, and Lowden.

III

Next, the court must determine whether Mr. Harris's amended complaint specifies particular actions allegedly committed by each of the defendants, which deprived Mr. Harris of federal Constitutional rights under the Eighth Amendment. The court will address, with respect to each defendant, whether the amended complaint is frivolous or fails to state a claim.[1]

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of

---

[1] As noted above, the court has previously concluded that the claims against Castro, Molina, Olivarria, Williams, Clark, Kim, Klarich, and Lowden have been sufficiently pled. This section will only discuss the merits of the claims made against the remaining defendants named in claim one.

1  the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with
2  deliberate indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004)
3  (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison
4  official does not act in a deliberately indifferent manner unless the official "knows of and
5  disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834
6  (1994).  Deliberate indifference may be manifested "when prison officials deny, delay or
7  intentionally interfere with medical treatment," or in the manner "in which prison physicians
8  provide medical care." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on
9  other grounds, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).
10 Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
11 further harm in order for the prisoner to make a claim of deliberate indifference to serious
12 medical needs. *McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada Bd. of State Prison
13 Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

14      Mr. Harris asserts that defendants Swarm (Compl. at ¶¶ 43-49, 54, 66), Cisneros (Compl.
15 at ¶¶ 68-87) , Hobbs (Compl. at ¶¶ 81), Cruz (Compl. at ¶¶ 81, 133-35), Rush (Compl. at ¶¶
16 81, 105-08), Tiernan (Compl. at ¶¶ 81, 98-104), and Jones (Compl. at ¶¶ 148-59) ordered him
17 to clean the kitchen with corrosive soap, causing him to incur burn injuries.  Mr. Harris further
18 alleges that these defendants were deliberately indifferent to his serious medical needs, as well as
19 future injuries that may have occurred.  Compl. at ¶ 209.  If these allegations are proved, Mr.
20 Harris has a reasonable opportunity to prevail on the merits of this action as to defendants
21 Swarm, Cisneros, Hobbs, Cruz, Rush, Tiernan, and Jones.

22      Mr. Harris also alleges that Smooth (Compl. at ¶ 169), Brook (Compl. at ¶ 176) ,
23 Skribner (Compl. at ¶ 177), and Grannis (Compl. at ¶¶ 178-79) violated his Eighth Amendment
24 rights because they knew that Mr. Harris faced substantial risk of harm by being repeatedly
25 exposed to the "powerwash."   Mr. Harris further alleges that these defendants disregarded that
26 risk by failing to take reasonable measures to abate it.  Compl. at ¶ 215.  Specifically, Mr. Harris

claims that the defendants had knowledge of Mr. Harris's Inmate/Parolee Appeal form ("CDC 602"), which sets forth Mr. Harris's grievances.  In light of the allegations in the amended complaint, Mr. Harris has sufficiently pled Eighth Amendment claims against Smooth, Skribner, Brook, and Grannis.

Mr. Harris also alleges that Doctor Greaves refused to provide Mr. Harris with the appropriate medical treatment. Compl. at ¶ 199-203.  He claims that he was denied all medical care since November 3, 2002. Compl at 13.  As a result, Mr. Harris claims that he suffered physical and psychological injuries. Compl. at 13.  Mr. Harris claims that Doctor Greaves acted with deliberate indifference to Mr. Harris's medical needs.  Compl. at ¶ 217.  Therefore, Mr. Harris's amended complaint sufficiently pleads a claim against Doctor Greaves.

Accordingly, Mr. Harris has sufficiently plead Eighth Amendment violations against the following defendants: Greaves,  Smooth,  Brook,  Skribner, Grannis. Swarm, Cisneros, Hobbs, Cruz, Rush, Tiernan,  and Jones.

III

Mr. Harris fails to allege that  defendants Castillo, Wortmen, or Crawford did any affirmative act, participated in any affirmative act, or omitted to perform any act they were legally required to do, so as to cause a deprivation of his constitutional rights. The amended complaint also fails to allege that any of those defendants participated in or directed violations of Mr. Harris' rights, or knew of violations but failed to prevent them. The only allegations pertaining to those defendants are so vague and conclusory as not to provide fair notice of the basis of Mr. Harris's claims against them. *See Conley v. Gibson*, 355 U.S. 41, 47 (1957) ("all the [Federal] Rules [of Civil Procedure] require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). Consequently, the Court dismisses Mr. Harris' amended complaint against those defendants under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim, but permits Mr. Harris leave to amend.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff may proceed against defendants:

    a. Greaves

    b. Smooth

    c. Brook

    d.  Skribner

    e. Grannis

    f. Swarm

    g.  Cisneros

    h. Hobbs

    i. Cruz

    j. Rush

    k. Tiernan

    h. Jones.

2. Plaintiff's claims against defendants Crawford, Wortmen, and Castillo are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty-five (35) days from the date of service of this Order.  Failure to file an amended complaint will result in these defendants being dismissed from this action; and

3. Upon filing an amended complaint or expiration of the time allowed therefore, the court will make further orders for service of process upon some or all of the defendants.

/////

Dated: December 5, 2007

                                                /s/ Arthur Alarcón
                                                UNITED STATES CIRCUIT JUDGE
                                                Sitting by Designation