# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | CASE NO. 1:05-cv-00003-AWI-SKO PC |
|         Plaintiff, | ORDER (1) DENYING MOTION TO COMPEL, FOR SANCTIONS, AND FOR A HEARING AND (2) DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM |
|     v. | |
| KIM , et al., | (Docs. 103 and 111) |
|         Defendants. | THIRTY-DAY DEADLINE TO RENEW MOTION TO COMPEL |

## I. Procedural History

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment.

Pursuant to the scheduling order filed on July 18, 2012, the discovery deadline is March 18, 2013. Fed. R. Civ. P. 16. On November 2, 2012, Plaintiff filed a timely motion seeking the imposition of sanctions against Defendants, an order requiring Defendants to respond to his discovery requests, and a hearing date. Defendants filed an opposition on November 19, 2012. On January 2, 2013, presumably in response to the arguments set forth in Defendants' opposition, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum, to which Defendants did not respond.

///

II. **Discussion**

    A. **Motion to Compel**

Plaintiff's motion is properly construed as seeking an order compelling Defendants to respond to his discovery requests. Fed. R. Civ. P. 37(a). Contrary to Defendants' assertion, the parties are not required to meet and confer prior to filing motions to compel. (Doc. 91, ¶5.) However, Defendants correctly point out that Plaintiff's motion to compel is procedurally deficient.

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id. (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D.Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D.Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D.Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.

Plaintiff's motion to compel is not accompanied by copies of his discovery requests or Defendants' responses, and it is supported only by a broad argument that Plaintiff is entitled to the discovery sought. Plaintiff subsequently filed a motion seeking the issuance of a subpoena duces tecum, which is supported by partial excerpts from Defendants' responses to his interrogatories and requests for the production of documents. However, only documents may be obtained by a subpoena duces tecum, the motion is supported only by partial excerpts of the discovery requests and

///

responses, and the motion fails to cure the deficiency which exists regarding the showing of relevancy and the insufficiency of the responses.

Plaintiff's motion to compel is denied on the ground that Plaintiff failed to meet his burden as the moving party. Plaintiff is granted thirty days from the date of service of this order within which to renew his motion to compel. The motion must be supported by complete copies of the discovery requests and responses in dispute, and for each discovery request in dispute, the motion must be supported by a showing that the information sought is relevant and an explanation why the response by Defendants is deficient.

Plaintiff is not entitled to sanctions, as his motion was not meritorious and there are no other grounds presented which support a request for sanctions. Fed. R. Civ. P. 37(a)(5), (d).

In addition, a hearing on this matter is unnecessary. Local Rule 230(l).

**B.      Motion for Issuance of Subpoena Duces Tecum**

With respect to Plaintiff's motion for the issuance of a subpoena duces tecum, Plaintiff may be entitled to the issuance of a subpoena commanding the production of documents from a non-party, Fed. R. Civ. P. 45, and to service of the subpoena by the United States Marshal, 28 U.S.C. 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not equally available to Plaintiff and are not obtainable from Defendants through a request for the production of documents. Fed. R. Civ. P. 34. If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party.[1]

Plaintiff's present motion is overly broad in that (1) it impermissibly seeks responses to interrogatories and (2) the documents sought have not yet been addressed in the context of a motion to compel, which is necessary for the Court to determine whether the documents are discoverable and whether the issuance of a subpoena duces tecum is appropriate.

---

[1] If Defendants object to Plaintiff's document production requests, as it appears from the record they did, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendants do not have care, custody, and control of them, Plaintiff may then seek a records subpoena. If the Court rules that the documents are not discoverable, the inquiry ends.

3

Therefore, Plaintiff's motion for the issuance of a subpoenas duces tecum is denied, without prejudice to renewal if appropriate following resolution of Plaintiff's anticipated motion to compel.

### III. Order

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to compel, filed on November 2, 2012, is DENIED, without prejudice to renewal within **thirty (30) days** from the date of service of this order;

2. Plaintiff's motion for sanctions and a hearing, filed on November 2, 2012, is DENIED; and

3. Plaintiff's motion for the issuance of a subpoena duces tecum, filed on January 2, 2013, is DENIED, without prejudice to renewal, if appropriate, following resolution of Plaintiff's anticipated motion to compel.

IT IS SO ORDERED.

**Dated:**   **February 20, 2013**        /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE