# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | CASE NO. 1:05-cv-00003-AWI-SKO PC |
| Plaintiff, | ORDER DENYING MOTION TO AMEND |
| v. | (Doc. 109) |
| KIM , et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action for damages is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment.

Pursuant to the scheduling order filed on July 18, 2012, the deadline to amend the pleadings was January 18, 2013, and on November 30, 2012, Plaintiff filed a timely motion seeking leave to amend to add Matthew Cate, George Galaza, and Kings County as defendants. Fed. R. Civ. P. 16(b). Defendants Olivarria, Williams, Lowden, and Kim did not file a response.

At this juncture in the proceedings, Plaintiff may only amend with leave of court, and Rule 15 provides that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "[P]ublic policy strongly encourages courts to permit amendments" and "[t]he policy of allowing amendments is to be applied with extreme liberality." Waldrip v. Hall, 548 F.3d 729, 732 (9th Cir. 2008) (citations and internal quotation marks omitted), *cert. denied*, 130 S.Ct. 2415 (2010);

1

also <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1051 (9th Cir. 2003); <u>Owens v. Kaiser Foundation Health Plan, Inc.</u>, 244 F.3d 708, 712 (9th Cir. 2001); <u>Morongo Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). In determining whether to grant leave to amend, courts generally consider four factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment. <u>In re Korean Airlines Co., Ltd.</u>, 642 F.3d 685, 701 (9th Cir. 2011) (citing <u>Kaplan v. Rose</u>, 49 F.3d 1363, 1370 (9th Cir. 1994)) (quotation marks omitted); <u>also Foman v. Davis</u>, 371 U.S. 178, 182, 83 S.Ct. 227 (1962); <u>Waldrip</u>, 548 F.3d at 732; <u>AmerisourceBergen Corp. v. Dialysis West, Inc.</u>, 465 F.3d 946, 951 (9th Cir. 2006); <u>Eminence Capital, LLC</u>, 316 F.3d at 1052.

Following Plaintiff's receipt of Defendants' responses to his discovery requests, in which Defendants informed him that they are being sued in their individual capacities and as such, do not have the authority to access the documents sought, Plaintiff now seeks to add former California Department of Corrections and Rehabilitation (CDCR) Secretary Matthew Cate, former California State Prison-Corcoran (CSP-Corcoran) Warden George Galaza, and Kings County as defendants.

Plaintiff's desire to obtain discovery does not support a motion to amend. To the extent that Plaintiff is entitled to obtain documents from non-parties, his remedy is to seek the issuance of a subpoena duces tecum, a matter which was addressed in a separate order filed on February 20, 2013. Fed. R. Civ. P. 45.

To state a claim under section 1983, Plaintiff must demonstrate that the proposed defendants were involved in the violation of his rights and no such showing has been made. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77, 129 S.Ct. 1937; <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012); <u>Simmons v. Navajo County, Ariz.</u>, 609 F.3d 1011, 1020-21 (9th Cir. 2010); <u>Ewing v. City of Stockton</u>, 588 F.3d 1218, 1235 (9th Cir. 2009); <u>Jones v. Williams</u>, 297 F.3d 930, 934 (9th Cir. 2002). Further, it is impermissible to sue former state officials in their official capacities, and neither Cate nor Galaza holds the position of employment identified by Plaintiff in his motion.[1] <u>Rounds v. Oregon State Bd. of Higher Educ.</u>, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999).

---

[1] The Court takes judicial notice that the current Secretary of CDCR is Dr. Jeffrey Beard and the current Acting Warden of CSP-Corcoran is Connie Gipson.

2

1  Additionally, the Court notes that Plaintiff named CSP-Corcoran Warden Scribner in his fourth
2  amended complaint, but that claim was dismissed, with prejudice, for failure to state a claim and the
3  ruling was not set aside on appeal.[2]  (Docs. 64, 65, 70, 83.)

With respect to Kings County, while Plaintiff mentions municipal liability in his motion, no basis is presented for naming the county as a party to this action.  Monell v. Department of Social Services, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978); Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138-39 (9th Cir. 2012).  Plaintiff is a state prisoner who was in state custody at the time of the events in question; the county was not responsible for Plaintiff's conditions of confinement in state prison.

Based on the foregoing, the Court finds that Plaintiff has not met his burden as the party seeking leave to amend.  The Court is mindful of the liberality of Rule 15(a) and the leniency accorded pro se litigants, but the Court may properly deny leave to amend if the proposed amendments are futile, as they are here.  E.g., Woods v. City of San Diego, 678 F.3d 1075, 1082 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1105-06 (9th Cir. 2011); Carrico v. City and County of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

In conclusion, Plaintiff has not demonstrated any ability to state viable claims for relief against Defendants Cate, Galaza, and Kings County, and Plaintiff's motion to amend is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

**Dated:   February 27, 2013**                 /s/ Sheila K. Oberto
                                              UNITED STATES MAGISTRATE JUDGE

---

[2] Misidentified as Skribner in the pleading.