1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9    DARREN HARRIS,                                    CASE NO. 1:05-cv-00003-AWI-SKO PC

10                         Plaintiff,                  ORDER DENYING MOTION FOR
                                                       RECONSIDERATION, WITH PREJUDICE
11          v.
                                                       (Doc. 116)
12   KIM , et al.,

13                         Defendants.
                                                   /
14

15          Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this

16   civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005.  This action for damages is

17   proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and

18   Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for

19   violation of the First Amendment.   On March 15, 2013, Plaintiff filed a motion seeking

20   reconsideration of the Magistrate Judge's order denying his motion for leave to amend. (Docs. 113,

21   116.)

22          Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

23   for any reason that justifies relief.  Rule 60(b)(6) is to be used sparingly as an equitable remedy to

24   prevent manifest injustice and is to be utilized only where extraordinary circumstances exist.

25   *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (quotations marks and citation omitted).  The

26   moving party must demonstrate both injury and circumstances beyond his control.  *Id.* (quotation

27   marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show

28   "what new or different facts or circumstances are claimed to exist which did not exist or were not

1

1 shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or

2 circumstances were not shown at the time of the prior motion."

3       "A motion for reconsideration should not be granted, absent highly unusual circumstances,

4 unless the district court is presented with newly discovered evidence, committed clear error, or if

5 there is an intervening change in the controlling law," *Marlyn Nutraceuticals, Inc. v. Mucos Pharma*

6 *GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,

7 and "[a] party seeking reconsideration must show more than a disagreement with the Court's

8 decision, and recapitulation . . . " of that which was already considered by the Court in rendering its

9 decision," *U.S. v. Westlands Water Dist.*, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001); *see also In*

10 *re Pacific Far East Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief

11 where parties were confronted with extraordinary circumstances but it does not provide a second

12 chance for parties who made deliberate choices).

13       The Magistrate Judge's order addressed Plaintiff's arguments on the merits and correctly

14 found that it would be futile to grant Plaintiff leave to amend to add the claims and parties he sought

15 to add.  *E.g.*, *Woods v. City of San Diego*, 678 F.3d 1075, 1082 (9th Cir. 2012); *Silva v. Di Vittorio*,

16 658 F.3d 1090, 1105-06 (9th Cir. 2011); *Carrico v. City and County of San Francisco*, 656 F.3d

17 1002, 1008 (9th Cir. 2011).

18

19       The Magistrate Judge did not err in denying Plaintiff's motion for leave to amend and his

20 motion for reconsideration is HEREBY DENIED, with prejudice.

21

22 IT IS SO ORDERED.

23

Dated:    March 19, 2013

24                        SENIOR  DISTRICT  JUDGE

25

26

27

28