# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | Case No. 1:05-cv-00003-AWI-SKO PC |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL, REQUIRING SUPPLEMENTAL RESPONSES WITHIN THIRTY DAYS, IMPOSING MEET AND CONFER REQUIREMENT, AND GRANTING PLAINTIFF ONE-HUNDRED FIVE DAYS TO FILE MOTION TO COMPEL |
| v. | |
| KIM, et al., | |
| Defendants. | |
| | (Doc. 118) |

## I. Background

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. Following the decision issued by the United States Court of Appeals for the Ninth Circuit on May 22, 2012, this action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment.

///
///
///

Pending before the Court is Plaintiff's renewed motion to compel, filed on April 5, 2013, in compliance with the Court's order of February 20, 2013.[1] Defendants filed a response on April 23, 2013, and the motion has been submitted upon the record without oral argument. Local Rule 230(*l*).

**II.     Discussion**

      **A.     Introduction**

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; Doc. 91, Discovery and Scheduling Order, ¶5. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. *See* Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21, 104 S.Ct. 2199 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); *Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana*, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); *Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); *see also Garcia v. Clark*, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); *Robinson v. Adams*, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); *Orr v. Hernandez*, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing

---

[1] The deadline for the completion of all discovery was March 18, 2013. Plaintiff filed a timely motion to compel on November 2, 2012, and a timely motion for the issuance of subpoenas duces tecum on January 3, 2013. The Court denied the motions on February 20, 2013, and permitted Plaintiff thirty days within which to renew his motion to compel. Plaintiff was granted one extension of time and his renewed motion was filed on April 5, 2013.

requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); *Womack v. Virga*, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. *Asea, Inc. v. Southern Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1) (quotation marks omitted). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* (quotation marks omitted).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. *E.g.*, *Grabek v. Dickinson*, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); *Womack*, 2011 WL 6703958, at *3; *Mitchell v. Felker*, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); *Ellis v. Cambra*, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. *Grabek*, 2012 WL 113799, at *1; *Womack*, 2011 WL 6703958, at *3; *Mitchell*, 2010 WL 3835765, at *2; *Ellis*, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigation; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *Surfvivor Media, Inc. v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

In this instance, while Plaintiff's motion to compel is less than ideal in some respects, it nevertheless includes sufficient information to allow the Court to reach the merits of the discovery requests in dispute. Defendants' determination that the motion seeks subpoenas duces tecum rather than to compel their further responses is not reasonable give the Court's order of February 20, 2013. Furthermore, in their discovery responses, Defendants rely upon boilerplate objections, which do not suffice; *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d at 1149; *Gorrell v. Sneath*, __ F.R.D. __, __, 2013 WL 1402363, at *2-3 (E.D. Cal. 2013); *Rogers v. Giurbino*, 288 F.R.D. 469, 479-489 (S.D. Cal. 2012), and their assertion that they were unable to ascertain what information Plaintiff is seeking is not plausible.

The Court finds that Defendants' responses do not evidence a good faith engagement in discovery. As a result, the Court is imposing the meet and confer requirement in this case. If any further discovery disputes arise between the parties, they are required to meet and confer in person or over the telephone prior to seeking court intervention, with Defendants' counsel bearing the responsibility for arranging the conference.

Finally, Plaintiff served interrogatories and requests for the production of documents on Defendants. While Plaintiff is entitled to leniency as a pro se litigant, he is not entitled to suspension of the rules governing discovery, and where Plaintiff impermissibly sought documents from Defendants via an interrogatory, he is not entitled to an order compelling the production of documents or to an order for the issuance of subpoenas duces tecum. Furthermore, Plaintiff may not, in his motion to compel, expand his discovery requests.

The discovery at issue in this motion comprises the final round of discovery. Discovery will remain open only to the extent necessary to bring a final resolution to the discovery at issue in the motion.

B.      **ROG 6 – Defendant Olivarria**

**ROG 6:** "Was there on the job training (OJJ) in the form of weekly safety meetings with instruction on specific job tasks and documented indicating the date provided, the name of attendees, subject covered, and any additional materials or information supplied?" (Doc. 118, Motion to Compel, court record p. 17:7-9.)

4

**Response:** Defendant Olivarria objected to the request as unduly vague, ambiguous, and unintelligible as unlimited in time or subject matter. (MTC, 17:11-12.) Defendant responded that he was generally aware of periodic safety meetings by CDCR (California Department of Corrections and Rehabilitation) on a variety of matters, and the meetings could be daily, weekly, monthly, annually, or as needed, but without knowing the specific topic, Defendant could not provide particular dates or other information. (MTC, 17:13-16.)

**Ruling:** Plaintiff's motion to compel a further response is granted in part and denied in part.

This is an interrogatory, which limits the request to factual information. The interrogatory is somewhat vague and ambiguous, but not to the extent it precluded a good faith attempt at responding. Boilerplate objections do not suffice to claim a privilege or to shield against the disclosure of discoverable information; and discovery is not limited to that information which one easily recalls from memory. Defendant was required to make a *reasonable effort* to respond.

Defendant Olivarria is directed to serve a supplemental response to the following interrogatory: for the two-year period immediately preceding July 9, 2002, were there weekly meetings which included on-the-job safety training for prison employees working in and/or supervising the Facility B kitchen area at California State Prison-Corcoran (CSP-Corcoran)?

**C.    ROG 9 – Defendant Olivarria**

**ROG 9:** "Identify and attach a copy of any and all documents concerning the incident of July 9, 2002." (MTC, 19:6-7.)

**Response:** Defendant Olivarria objected to the interrogatory as seeking documents rather than factual information, and he stated he believed responsive documents may exist and would be in the possession, custody, or control of Plaintiff or CDCR. (MTC, 19:9-12.)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

An interrogatory may not be used to obtain documents and Defendant properly objected on that basis. Defendant Olivarria shall serve a supplemental response to the following interrogatory: Did the incident on July 9, 2002, in the Facility B kitchen at CSP-Corcoran involving Plaintiff result in an incident report or other written documentation?

Plaintiff's motion is otherwise denied, and he may not use his motion to expand the interrogatory to include the dates of November 14, 2002, and March 13, 2003.

### D.     ROG 20 – Defendant Olivarria

**ROG 20:** "Identify and attach a copy of any and all defendants records of employee arrest or conviction of any violations of law, any misconduct which impairs their ability to do his or her job, or affects or involves the department, suspension, revocation or restrictions of driving privilege and any and all reports of change in eligibility to own, possess and have custody of any firearm or other weapon authorized by the department." (MTC, 21:2-6.)

**Response:** Defendant Olivarria objected to the interrogatory as seeking documents rather than factual information, as seeking irrelevant information, and as seeking private, confidential information. (MTC, 21:8-12.)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Plaintiff may not seek documents via an interrogatory. Furthermore, Plaintiff's request, treated as an interrogatory, is not tailored to net discoverable information. This case involves claims against Defendant Olivarria for acting with deliberate indifference to a substantial risk of harm to Plaintiff's health or safety posed by power wash soap and for retaliation against Plaintiff in the form of interference with disciplinary proceedings. Plaintiff has made no showing how his broad request for information concerning arrests, convictions, disciplinary actions, and/or the defendants' driving records and ability to possess firearms seeks information relevant to his claims against Defendant Olivarria.[2] Fed. R. Civ. P. 26(b). The only discernible exception is a narrow one. If Defendant Olivarria was previously disciplined for exposing inmates to power wash soap, that information is potentially relevant to the subjective element of Plaintiff's Eighth Amendment claim.

Therefore, Defendant Olivarria is directed to respond to the following interrogatory: For the two-year period immediately preceding July 9, 2002, were you ever disciplined during the

---

[2] Plaintiff's desire to bolster his claim that Defendant Olivarria violated his constitutional rights by showing a pattern of general misconduct is prohibited, Fed. R. Evid. 404(a)(1), and information regarding general misconduct committed by Defendant is not relevant to Plaintiff's legal claims, Fed. R. Civ. P. 26(b).

course of your employment with CDCR for endangering or harming inmates through the exposure to power wash soap?

### E.     ROG 19 – Defendant Williams

**ROG 19:** Plaintiff sought all CDCR and CSP-Corcoran policies and procedures concerning emergency medical training of Defendants. (MTC, p. 8.)

**Response:** Defendant Williams objected to the interrogatory as vague, ambiguous, and unintelligible, but she responded, "I have not received medical training on diagnosing or treating any medical conditions. Per CDCR policy, I was trained to send inmates with medical issues to be evaluated by appropriate medical staff. If an inmate or CDCR employee was unable to get to the medical clinic, I was trained in how to summon medical staff to come to the kitchen to provide whatever care or treatment may have been required." (MTC, p. 22:2-9.)

**Ruling:** Plaintiff's motion to compel is denied.

Once again, Plaintiff impermissibly sought documents via an interrogatory. Notwithstanding that error, Defendant Williams responded: she was not provided with any medical training. That response ends the inquiry. In addition, the information is not relevant. Plaintiff's claim against Defendant Williams arises from her actions in exposing him to caustic power wash soap, not from causing him injury by failing to provide him with medical treatment.

### F.     ROG 25 – Defendant Williams

**ROG 25:** For the years 2002, 2003, and 2004, Plaintiff seeks ten inmate appeals, with the authors' names and CDCR numbers redacted, concerning accidents and/or injuries caused by chemicals, and any administrative responses and investigation reports. (MTC, p. 9.)

**Response:** Defendant Williams objected to the interrogatory as seeking documents rather than factual information; as vague, ambiguous, and unintelligible; and on the grounds of privacy and relevance.

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Information on other inmates' appeals is potentially relevant only in so far as it shows Defendant Williams had knowledge that the power wash soap was caustic. Defendant Williams is directed to respond to the following interrogatory: For the two-year period immediately preceding

July 9, 2002, did any inmate file an appeal against you for causing him harm through the exposure to power wash soap?

### G. ROG 25- Defendant Olivarria

**ROG 25:** "Identify the officers who was present with you and free staff in the offices give names during the July 9, 2002 incident." (MTC, 26:2-3.)

**Response:** Defendant Olivarria objected to the interrogatory as vague, ambiguous, and unintelligible. Defendant stated he does not recall any incident on July 9, 2002, and he does not recall if he was working that day; and he stated he does not have access to records which would contain that information. (MTC, 26:5-9.)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Defendant Olivarria's response is insufficient. Defendant is required to make a reasonable effort to respond, and he may not stonewall discovery by merely relying on his memory to respond. Furthermore, Defendant's response that he does not know what information is being sought is patently frivolous. Defendant and his attorney know precisely what information is being sought in this interrogatory. Defendants will engage in discovery in good faith or they will face the possibility of sanctions.

Plaintiff's motion is denied to the extent it is impermissibly attempting to expand the interrogatory to include November 14, 2002, and March 13, 2003. (MTC, p. 11.) Plaintiff's motion is also denied as to records, which are not properly sought in an interrogatory.

### H. POD 6

**POD 6:** "All written statements, originals or copies, identifiable as reports about the incident on July 9, 2002, March 13, 2003 and any and all incidents, made by prison and civilian employees or the Department of Corrections and prisoner witnesses." (MTC, 28:2-4.)

**Response:** Defendants objected to the request as vague, ambiguous, and unintelligible; as seeking irrelevant information; and on privacy grounds. (MTC, 28:6-12.)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Defendants are directed to produce all incident reports, witness statements, and other documents relating to and generated by the incident on July 9, 2002, at issue in this action.[3]

Plaintiff's motion is denied as to March 13, 2003, which is the day Plaintiff allegedly injured his back. (4th Amend. Comp., p. 30.) That claim was dismissed from this action and the dismissal was affirmed on appeal. (Doc. 83.) Plaintiff is limited to seeking discovery which relates to the claims left in this action.

### I. ROG 14 – Defendant Kim

**ROG 14:** Plaintiff seeks copies of inmate appeals filed against Defendant Kim between January 2002 and December 2004, including investigative reports, administrative meetings, and disciplinary actions taken against Defendant Kim for misconduct.

**Response:** Defendant Kim objected to the interrogatory as seeking documents rather than factual information; as vague, ambiguous, and unintelligible; and on privacy grounds. (MTC, 30:2-9.)

**Ruling:** Although Defendant's objections are largely boilerplate, Plaintiff's motion to compel denied on relevancy grounds.

Plaintiff's claim against Defendant Kim arises from Kim's alleged refusal to provide Plaintiff medical care on July 10, 2002, for chemical burn injuries. To prevail, Plaintiff must demonstrate that he had a serious medical need and that Defendant Kim knew of and disregarded that need. Other inmates' appeals and/or other instances of misconduct by Defendant Kim are not relevant to Plaintiff's claim. Fed. R. Civ. P. 26(b).

### J. ROG 8 – Defendant Olivarria

**ROG 8:** "Attach a copy of any and all culinary medical incidents involving any chemicals at CSP-Corcoran." (MTC, 32:2-3.)

---

[3] Any assertion that Defendants lack possession, custody, or control over the responsive documents must be made under oath, *Rogers*, 288 F.R.D. at 485, and it must be supported with specific facts supporting their position, *Rogers*, 288 F.R.D. at 485; *Cantu v. Garcia*, No. 1:09-cv-00177-AWI DLB PC, 2013 WL 595100, at *4 (E.D. Cal. 2013). Should the objection be sustained, Defendants will be precluded from using the requested documents in support of a motion for summary judgment, in opposition to any filing by Plaintiff, and/or at trial. *Cantu*, 2013 WL 595100, at *4. Any request for leave to use the documents will require Defendants to (1) supplement their discovery responses, (2) explain how they obtained the documents, and (3) demonstrate that the prior objection was made in good faith. *Id.*

**Response:** Defendant Olivarria objected to the interrogatory as seeking documents rather than factual information and on privacy grounds. (MTC, 32:5-8.)

**Ruling:** Plaintiff's motion to compel is granted in part and denied in part.

Defendant Olivarria is directed to respond to the following interrogatory: For the two-year period immediately preceding July 9, 2002, were there any incidents in the Facility B kitchen at CSP-Corcoran in which inmates required medical care for exposure to power wash soap?

Plaintiff's motion is otherwise denied.

### K. ROG 3 – Defendant Olivarria

**ROG 3:** "Attach a copy of inmate pay sheets." (MTC, 34:9.)

**Response:** Defendant Olivarria objected to the request as unduly burdensome and oppressive, as irrelevant, and on privacy grounds. (MTC, 34:11-15.)

**Ruling:** Plaintiff's motion to compel is denied.

Although Plaintiff clarified in his motion that he is only seeking his own pay sheets, he has not demonstrated the relevance of this information to his claims. While Plaintiff asserts that he filed an inmate appeal grieving Defendant Olivarria's failure to pay him, causing Defendant to fire him, the Court cannot discern the relevance of those issues to the claims in this action.

### L. POD 10

**POD 10:** "Institutional safety training log." (MTC, 39:11.)

**Response:** Defendants objected to the interrogatory as unduly vague, ambiguous, and oppressive, and on privacy grounds.

**Ruling:** Plaintiff's motion is granted in part.

Defendants' boilerplate objections are unavailing. However, Plaintiff's request is too broad. In his motion, Plaintiff clarifies that he is seeking training logs for Defendants, not third parties. For the two-year period immediately preceding July 9, 2002, Defendants shall produce any institutional safety training logs which relate to training they received or should have received as employees in or supervisors over the kitchen(s) at CSP-Corcoran.[4]

---

[4] See footnote 4.

10

## III.  Order

Based on the foregoing, the Court HEREBY ORDERS as follows:

1. Plaintiff's motion to compel, filed on April 5, 2013, is GRANTED as to ROG 6 (Olivarria), ROG 9 (Olivarria), ROG 20 (Olivarria), ROG 25 (Williams), ROG 25 (Olivarria), POD 6, ROG 8 (Olivarria), ROG 3 (Olivarria), and POD 10;

2. Plaintiff's motion to compel is DENIED as to ROG 19 (Williams) and ROG 14 (Kim);

3. Within **thirty (30) days** from the date of service of this order, Defendants shall serve their supplemental responses to ROG 6 (Olivarria), ROG 9 (Olivarria), ROG 20 (Olivarria), ROG 25 (Williams), ROG 25 (Olivarria), POD 6, ROG 8 (Olivarria), ROG 3 (Olivarria), and POD 10;

4. If a dispute arises between the parties regarding Defendants' supplemental responses, they are required to meet and confer in good faith, either in person or by telephone, in an attempt to resolve the dispute without court action, and Defendants' counsel bears the burden of setting up the meeting;[5]

5. Plaintiff has **one-hundred five (105) days** from the date of service of this order within which to file another motion to compel, if one is necessary;

6. The motion to compel is limited to the discovery at issue in this order;

7. If Plaintiff files a motion to compel without sending Defendants' counsel a letter regarding the need to meet and confer, his motion will not be considered and the discovery phase of this litigation will be closed; and

///
///
///
///
///

---

[5] Given Plaintiff's incarceration, if he is dissatisfied with any responses, he must send Defendants' counsel a letter within **fifteen (15) days** of receipt of the discovery responses. Counsel's receipt of the letter will trigger counsel's obligation duty to arrange for an in-person or a telephonic meeting within **fifteen (15) days** of receipt of Plaintiff's letter.

11

8. The failure of either Plaintiff or Defendants to comply with any terms in this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: **November 25, 2013**                    **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE