# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | Case No. 1:05-cv-00003-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS, WITH PREJUDICE |
| v. | |
| KIM, et al., | (Docs. 126 and 128) |
| Defendants. | |

## I. Procedural History

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment.

### A. Order on Plaintiff's Motion to Compel

On November 26, 2013, the Court issued a twelve-page order granting in part and denying in part Plaintiff's motion to compel. Defendants were ordered to serve supplemental responses within thirty days; the meet and confer requirement was re-imposed on the parties; Plaintiff was ordered to notify Defendants' counsel within fifteen days of receipt of the supplemental responses if he was dissatisfied with any of them; Defendants' counsel was ordered to arrange an in-person

or telephonic meeting within fifteen days of receiving a letter of dissatisfaction from Plaintiff; and Plaintiff was granted one-hundred five days within which to file a motion to compel, if one was necessary. The order was clear regarding the parties' obligations and the limited relief available to Plaintiff with respect to this final round of discovery.

Based on the parties' subsequent filings, discussed in section B, Plaintiff was dissatisfied with some of the supplemental responses and he sent counsel a letter on January 5, 2014. Counsel responded by letter dated January 27, 2014, and offered to arrange a telephone conference if needed. Ultimately, the parties conferred by telephone on February 13, 2014.

**B.  Motion for Rule 11 Sanctions**

On January 31, 2014, Plaintiff filed a motion seeking sanctions against Defendants' counsel under Federal Rule of Civil Procedure 11. Defendants filed an opposition on February 18, 2014, and on March 6, 2014, Plaintiff filed a motion to strike the opposition, which the Court construes as Plaintiff's reply in light of the fact that Plaintiff's disagreement with Defendants' response provides no basis for striking the filing.[1] *See* Fed. R. Civ. P. 12(f); *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). Plaintiff's motion for Rule 11 sanctions has been submitted upon the record without oral argument and for the reasons which follow, it is denied with prejudice. Local Rule 230(*l*).

**II.  Discussion and Order**

"Rule 11 is intended to deter baseless filings in district court and imposes a duty of 'reasonable inquiry' so that anything filed with the court is 'well grounded in fact, legally tenable, and not interposed for any improper purpose.'" *Islamic Shura Council of Southern California v. F.B.I.*, __ F.3d __, __. No. 12-55305, 2014 WL 1013324, at *__ (9th Cir. Mar. 18, 2014) (per curiam) (quoting *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447 (1990)).

Plaintiff's Rule 11 motion fails as a matter of law. First, Plaintiff is dissatisfied with counsel over the supplemental discovery responses and compliance with the meet and confer

---

[1] Plaintiff's reply is twenty-one pages long and includes such irrelevant issues as Plaintiff's settlement demand. The Court does not reach the arguments therein because: 1) Plaintiff did not meet his initial burden as the party moving for sanctions under Rule 11, and 2) pursuant to the order of November 26, 2013, Plaintiff was limited to seeking relief from the Court in the form of a motion to compel. Plaintiff was not granted leave to lay at the feet of the Court issues with the parties' meet and confer attempts.

requirement.  Thus, there is no purportedly baseless filing with the Court, a necessary underpinning for a Rule 11 motion.  Fed. R. Civ. P. 11(b).  Second, Plaintiff's motion was filed in violation of the twenty-one day "safe harbor provision," a provision which is strictly enforced.  Fed. R. Civ. P. 11(c)(2); *Holgate v. Baldwin*, 425 F.3d 671, 677-78 (9th Cir. 2005).

For these reasons, Plaintiff's Rule 11 motion, filed on January 31, 2014, is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **March 24, 2014**                               /s/ Sheila K. Oberto
                                                                    UNITED STATES MAGISTRATE JUDGE