# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>    Plaintiff,<br><br>   v.<br><br>KIM, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:05-cv-00003-AWI-SKO (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR A STAY, SANCTIONS, AND AN ORDER COMPELLING COMPLIANCE WITH SUBPOENA DUCES TECUM, AND REQUIRING PLAINTIFF TO FILE A COPY OF SUBPOENA MAILED TO DR. BEARD OR A NOTICE OF ITS CONTENTS<br><br>(Docs. 134 and 135)<br><br>THIRTY-DAY DEADLINE |

## I. Background

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding against Defendants Olivarria, Lowden, Williams, and Kim for violating Plaintiff's First and Eighth Amendment rights under the United States Constitution. Jury trial is currently set for April 21, 2015.

On May 2, 2014, and May 8, 2014, Plaintiff filed motions seeking a stay of the proceedings so that he may complete discovery, sanctions, and an order compelling compliance with his subpoena duces tecum. (Docs. 134, 135.) Defendants did not file a response and the motions have been submitted upon the record without oral argument. Local Rule 230(*l*).

**II.     Discussion**

    **A.     Stay and Sanctions**

With respect to a stay, Plaintiff has not identified any legitimate legal basis supporting that form of relief and his request is denied.[1]

Furthermore, as discussed in subsection B, there is no basis for sanctions against Defendants or their counsel, as there has been no showing that Defendants or their counsel acted improperly. *E.g.*, 28 U.S.C. § 1927; Fed. R. Civ. P. 11; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45, 111 S.Ct. 2123 (1991); *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980).

    **B.     Discovery Deadline and Third Party Subpoena Duces Tecum**

With respect to further discovery, modification of a scheduling order requires a showing of good cause. Fed. R. Civ. P. 16(b)(4). In this case, the deadline for the completion of all discovery was March 18, 2013. (Doc. 91.) Plaintiff timely filed a motion to compel on November 2, 2012, and on February 20, 2013, the motion was denied on procedural grounds, without prejudice to renewal within thirty days. (Docs. 103, 112.) After obtaining an extension of time, Plaintiff renewed his motion to compel on April 5, 2013, and on November 26, 2013, the Court granted the motion to compel in part and denied it in part. (Docs. 118, 121.) Plaintiff was informed in the order of November 26, 2013, and in two subsequent orders, that if he was dissatisfied with Defendants' supplemental discovery responses and the parties were unable to resolve the dispute after meeting and conferring, Plaintiff's recourse was to file a motion to compel. (Docs. 121, 124, 130.)

Despite receiving clear notice three times that if dissatisfied with the supplemental responses, his recourse was limited to filing a motion to compel, Plaintiff did not file a motion to

---

[1] The Court notes Plaintiff's assertion that the second scheduling order, filed on April 25, 2014, contradicts the Court's order of November 26, 2013, with respect to the pretrial dispositive motion deadline. (Docs. 121, 131, 135 at ¶10.) If, in setting this matter for trial, the Court inadvertently overlooked an order modifying the pretrial dispositive motion deadline, the parties have not brought that error to the Court's attention. Based on the Court's review of the docket, neither side sought an extension of the pretrial dispositive motion deadline nor did the Court *sua sponte* grant an extension. Plaintiff is incorrect that the order resolving his motion to compel affected the pretrial dispositive motion deadline set in the scheduling order filed on July 18, 2012. (Docs. 91, 121.) A motion to compel is not a pretrial dispositive motion, and the one-hundred five day period within which Plaintiff was to file a final motion to compel is unrelated to the pretrial dispositive motion deadline.

compel, nor did he request a subpoena duces tecum from the Court based on Defendants' lack of possession, custody, or control over responsive documents. Fed. R. Civ. P. 34(a)(1), 45. Instead, aided by his receipt of a non-court authorized subpoena duces tecum from Defendants' counsel, Plaintiff attempted to seek documents from third party Jeffery Beard, Ph.D., Secretary of the California Department of Corrections and Rehabilitation.

Plaintiff now seeks an extension of time to complete discovery with respect to the documents he seeks from Dr. Beard. Plaintiff contends that based on representations made during the parties' attempts to resolve their remaining discovery dispute, good cause exists to allow him to complete discovery. Fed. R. Civ. P. 16(b)(4).

As an initial matter, the parties are reminded that they are bound by scheduling orders. A request for relief *from* a scheduling deadline must be presented *to* the Court *by* the party seeking the relief. A stipulation between the parties regarding a scheduling order deadline has no effect on the deadline in the absence of presentation to and approval by the Court. Thus, while Defendants counsel informed Plaintiff by letter that he was willing to stipulate to additional time to complete discovery and he filed a declaration in opposition to Plaintiff's prior motion for sanctions in which he attested that both sides were in agreement that Plaintiff should be given an extension of time, Plaintiff was obligated to file a timely request for an extension of the discovery deadline and he failed to do so. (Doc. 127, Reager Dec., ¶10; Doc. 135, p. 8.)

The issue of entitlement to a third party subpoena duces tecum was also previously addressed in this case. Fed. R. Civ. P. 45. On February 20, 2013, the Court issued its second order regarding Plaintiff's request for the issuance of a subpoena duces tecum. (Doc. 112.) In denying the request for the second time, the Court stated, "If Plaintiff wishes to make a request for the issuance of a records subpoena, he may file a motion requesting the issuance of a subpoena duces tecum that (1) identifies with specificity the documents sought and from whom, and (2) makes a showing in the motion that the records are only obtainable through that third party." (*Id.*, 3:18-21.) In a footnote, Plaintiff was informed, "If Defendants object to Plaintiff's document production requests, as it appears from the record they did, a motion to compel is the next required step. If the Court rules that the documents are discoverable but Defendants do not have care,

custody, and control of them, Plaintiff may then seek a records subpoena.  If the Court rules that the documents are not discoverable, the inquiry ends." (*Id.*, p. 3, fn. 1.)  At no time subsequent to that order did Plaintiff file a request for the issuance of a subpoena duces tecum supported by the requisite showing.

In considering Plaintiff's pending motions for an extension of time to complete discovery, the Court has reviewed the letter counsel sent to Plaintiff and counsel's declaration, submitted in support of his opposition to Plaintiff's prior motion for Rule 11 sanctions.  Fed. R. Civ. P. 11.  While neither Defendants nor their counsel committed any misconduct, given Plaintiff's pro se status, the Court recognizes the potential for confusion created by the parties' communication regarding third party discovery.[2]

The Court will not entertain the present request to compel compliance with the third party subpoena, however.  (Doc. 135, ¶13.)  It is unclear who issued the subpoena, if anyone; it is unclear what documents were sought; it is unclear how much time was provided for a response; and it does not appear the subpoena was properly served.  Fed. R. Civ. P. 45.  Based on Plaintiff's declaration, he mailed the subpoena to Dr. Beard on March 20, 2014.  (Doc. 134, Motion, ¶9.)  Subpoenas duces tecum, however, require personal service, and Dr. Beard is under no legal obligation to respond to a subpoena duces tecum received in the mail.  Fed. R. Civ. P. 45(b)(1); *Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) ("[T]he longstanding interpretation of Rule 45 has been that personal service of subpoenas is required.") (internal quotation marks and citation omitted); *accord Alexander v. California Dep't of Corr. & Rehab.*, 2:08-cv-2773 MCE KJN P, 2011 WL 1047647, at *6-7 (E. D. Cal. Mar. 18, 2011).

The Court is required to ensure that the party serving the subpoena takes reasonable steps to avoiding imposing an undue burden or expense on the third party subject to the subpoena, and it cannot do so when a subpoena is provided to an incarcerated pro se litigant outside of the Court's standard procedure for issuance of subpoenas duces tecum.  Fed. R. Civ. P. 45(d)(1).

---

[2] Providing Plaintiff with a subpoena duces tecum may have been well intentioned but it was ill advised, for the reasons discussed in this order.  Nevertheless, Plaintiff is in no position to complain that counsel went above and beyond in attempting to assist him in obtaining documents not with the possession, custody, or control of Defendants.

4

1  Furthermore, Plaintiff is not permitted to expand the scope of PODs 6 and 10, as limited by the
2  Court in its order of November 26, 2013, and given the lack of information regarding the contents
3  of the subpoena, the Court cannot determine whether the subpoena exceeded the permissible scope
4  of discovery or is otherwise unduly burdensome or expensive.

5  For all the foregoing reasons, Plaintiff has shown no entitlement to enforcement of the
6  subpoena and his request for an order compelling compliance is denied.  However, given the
7  confusion interjected into these proceedings by virtue of Plaintiff's receipt of a non-court
8  authorized subpoena duces tecum and his apparent misimpression that the parties had extended the
9  discovery deadline by agreement, justice may require a limited extension of the discovery deadline
10  to permit Plaintiff to obtain a court-authorized subpoena duces tecum.  To that end, Plaintiff is
11  required to file a copy of the subpoena duces tecum he mailed to Dr. Beard within thirty (30) days.
12  If Plaintiff did not keep a copy of the subpoena, he is required to identify the specific documents
13  he is seeking from Dr. Beard and provide a brief explanation regarding the nature of the
14  documents so that the Court may determinate whether the documents fall within the purview of
15  PODs 6 and 10, as limited by the Court in its order of November 26, 2013.

### III.     Order

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motions seeking a stay pending the completion of discovery, sanctions, and an order compelling compliance with his subpoena duces tecum are DENIED;

2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a copy of the subpoena duces tecum he served on Dr. Beard or, if Plaintiff did not retain a subpoena copy for his records, a notice identifying the specific documents sought and providing a brief explanation regarding the nature of the documents; and

///
///
///
///

3. If Plaintiff fails to comply with this order, he will not be entitled to any redress with respect to the subpoena duces tecum he mailed to Dr. Beard and discovery will remain closed.

IT IS SO ORDERED.

Dated: **July 8, 2014**                      **/s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE