# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | Case No. 1:05-cv-00003-AWI-SKO (PC) |
| Plaintiff, | ORDER AND NOTICE AUTHORIZING ISSUANCE OF SUBPOENA DUCES TECUM DIRECTING PRODUCTION OF DOCUMENTS BY CDCR SECRETARY DR. BEARD |
| v. | |
| KIM, et al., | |
| Defendants. | (Doc. 121, 144, and 145) |
| | ORDER DIRECTING CLERK'S OFFICE TO SERVE COPY OF SUBPOENA WITH ORDER |

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment.

On July 18, 2014, in compliance with the Court's order of July 9, 2014, Plaintiff filed a notice identifying those documents he seeks from third party Jeffrey Beard, Ph.D, Secretary of the California Department of Corrections and Rehabilitation. (Docs. 144, 145.) Pursuant to the Court's orders of November 26, 2013, and July 9, 2014, Plaintiff is entitled to seek only those

documents which are responsive to document production requests ("PODs") 6 and 10, as limited by the Court in its order of November 26, 2013.¹ (Docs. 121, 144.)

The record reflects that Defendants produced all of the responsive documents within their possession, custody, or control, but additional documents not within their possession, custody, or control may exist, and Defendants expressed their non-opposition to the issuance of a third-party subpoena. Fed. R. Civ. P. 34(a), 45. (Doc. 127-1, Def. Opp. to Sanctions Motion, court record pp. 12-13.) For the reasons discussed in the order filed on July 9, 2014, the Court finds that it is in the interest of justice to authorize the issuance of a subpoena duces tecum commanding Dr. Beard to produce those documents which are responsive to PODs 6 and 10, if any exist. However, some of the documents identified by Plaintiff in his notice clearly fall outside of the scope of PODs 6 and 10, and those documents will be excluded from the subpoena.²

Pursuant to Federal Rule of Civil Procedure 45(a)(4), this order serves as notice to the parties that the United States Marshal will be directed to initiate service of the subpoena following the passage of ten days from the date of service of this order, and a copy of the subpoena shall be provided with this order.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. The Court authorizes the issuance of a subpoena duces tecum directing Dr. Beard to produce those documents responsive to PODs 6 and 10, as narrowed by the Court in its order of November 26, 2013;

2. Pursuant to Rule 45(a)(4), the parties are placed on notice that the subpoena duces tecum will be issued after the passage of **ten (10) days** from the date of service of this order; and

///

///

---

¹ POD 6 is limited to all incident reports, witness statements, and other documents relating to and generated by the incident on July 9, 2002, at issue in this action; and POD 10 is limited to any institutional safety training logs which relate to training the defendants received or should have received as employees in or supervisors over the kitchen(s) at California State Prison-Corcoran, for the two-year period immediately preceding July 9, 2002.

² For example, the Department Operations Manual sections relating to Defendants' job duties and documents relating to the prison's hazardous waste contingency plan and food-safety policies, Plaintiff's job duties, and Defendants' job duties do not fall within the purview of PODs 6 and 10.

1   3.   The Clerk's Office shall serve a copy of the subpoena with this order.

IT IS SO ORDERED.

Dated:   **July 23, 2014**                                      **/s/ Sheila K. Oberto**
                                                          UNITED STATES MAGISTRATE JUDGE