# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:05-cv-00003-AWI-SKO (PC)<br><br>ORDER VACATING SECOND SCHEDULING ORDER AND STAYING CASE PURSUANT TO 50 U.S.C. § 522(B), SERVICEMEMBERS CIVIL RELIEF ACT<br><br>(Doc. 131 and 146) |

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment. Jury trial is currently set for April 21, 2015.

On July 22, 2014, Defendant Kim filed a motion seeking to stay the proceedings pursuant to 50 App. U.S.C. § 522(b), Servicemembers Civil Relief Act of 2003 ("SCRA"). Plaintiff did not file a response. Local Rule 230(*l*). Section 522(b) of the SCRA provides:

(b) Stay of Proceedings

　　(1) Authority for stay

　　At any stage before final judgment in a civil action or proceeding in which a servicemember . . . is a party, the court may on its own motion and shall, upon application by the servicemember . . . , stay the action for a period of not less than 90 days, if the conditions in paragraph (2) are met.

> (2) Conditions for stay
>
> An application for a stay under paragraph (1) shall include the following:
>
> (A) a letter or other communication setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating the date when the servicemember will be available to appear.
>
> (B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and that military leave is not authorized for the servicemember at the time of the letter.

Defendant Kim provided a copy of his deployment order, which required him to report to Lemoore Naval Air Station on July 28, 2014. (Doc. 146-1, Reager Dec., Ex. A, court record p. 2.) Pursuant to the order issued on May 14, 2014, Defendant Kim, a physician, was involuntarily ordered to report for active duty for a period of one year, and his deployment is to Afghanistan as a "surgeon physician mentor." (*Id.*, pp. 1-2.)

The SCRA "is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation," and "[t]he discretion that is vested in trial courts to that end is not to be withheld on nice calculations as to whether prejudice may result from the absence, or absence result from the service." *Boone v. Lightner*, 319 U.S. 561, 575, 63 S.Ct. 1223 (1943) (construing Soldiers' and Sailors' Civil Relief Act of 1940, which preceded SCRA of 2003). "Absence when one's rights or liabilities are being adjudged is usually prima facie prejudicial." *Boone*, 319 U.S. at 575.

In this case, Defendant Kim's deployment order suffices to satisfy section 522(b)(2)(A) and (B). *See Goodman v. Cnty. of San Joaquin*, No. 2:13-cv-00538-MCE-KJN, 2013 WL 6512805, at *2 (E.D.Cal. 2013) (citing *Keane v. McCullen*, No. C 07-04894 SBA, 2009 WL 331455, at *3 (N.D.Cal. 2009)). The deployment order was issued by D. F. Steindl, Rear Admiral, U.S. Navy, Commander, Navy Personnel Command, and it evidences Defendant Kim's involuntary deployment for at least one year to Afghanistan. *See Goodman*, 2013 WL 6512805, at *2.

This matter is set for jury trial on Plaintiff's constitutional claims, and it is indisputable that Defendant Kim's inability to participate in pretrial proceedings and jury trial would result in

material prejudice to both Plaintiff and Defendants.  Accordingly, the Court HEREBY ORDERS as follows:

      1.     The second scheduling order, filed on April 25, 2014, is VACATED;

      2.     This case is STAYED until June 1, 2015, or until ninety days after Defendant Kim returns from military service, if earlier than March 2015;[1] and

      3.     Defendants' counsel shall file a status report regarding Defendant Kim's return status as soon as that information becomes available to counsel.

IT IS SO ORDERED.

Dated: **September 24, 2014**             **/s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE

---

[1] On August 19, 2014, the United States Marshal served California Department of Corrections and Rehabilitation Secretary Jeffrey Beard, Ph.D., with a subpoena duces tecum.  Fed. R. Civ. P. 45; Doc. 149.  The document production date is September 26, 2014.  This stay affecting pretrial proceedings and trial does not apply to issues, if any, which might be raised as related to the subpoena duces tecum.