# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>KIM, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:05-cv-00003-AWI-SKO (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEF NUNC PRO TUNC TO NOVEMBER 7, 2014, AND DENYING PLAINTIFF'S MOTIONS FOR CONTEMPT ORDER AGAINST DR. BEARD<br><br>(Docs. 151, 155, and 160) |

## I. Introduction

Plaintiff Darren Harris ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment. (Doc. 87.) This action was previously scheduled for trial on April 21, 2015, but on September 25, 2014, based Defendant Kim's deployment to Afghanistan, the Court vacated the trial date and stayed the case pursuant to 50 App. U.S.C. § 522(b), Servicemembers Civil Relief Act of 2003. (Doc. 150.) Pursuant to the stay order, Defendants Olivarria, Williams, Lowden, and Kim ("Defendants") are required to file a status report on or before June 1, 2015.

On October 2, 2014, Plaintiff filed a motion seeking a civil contempt order against third-party California Department of Corrections and Rehabilitation Secretary Jeffrey Beard, Ph.D., based on Dr. Beard's failure to comply with the subpoena duces tecum served pursuant to Federal Rule of Civil Procedure 45. (Doc. 151.) On October 22, 2014, Plaintiff filed a supplemental motion. (Doc. 155.) On October 24, 2014, Dr. Beard filed an opposition and on October 28, 2014, he filed a notice of additional documents served in compliance with the subpoena.[1] (Docs. 156, 157.) Plaintiff filed a reply on November 5, 2014, and a motion seeking leave to submit additional briefing on November 7, 2014. (Docs. 159, 160.) Plaintiff's motion to submit additional briefing is granted, nunc pro tunc to November 7, 2014, and his motions for a contempt order were submitted on the record without oral argument pursuant to Local Rule 230(*l*).

## II. Discussion

### A. Background

The discovery phase in this case is closed, with the limited exception of the subpoena duces tecum served on Dr. Beard. The Court addressed the issue in detail in an order filed on July 9, 2014, and it stated, "[G]iven the confusion interjected into these proceedings by virtue of Plaintiff's receipt of a non-court authorized subpoena duces tecum and his apparent misimpression that the parties had extended the discovery deadline by agreement, justice may require a limited extension of the discovery deadline to permit Plaintiff to obtain a court-authorized subpoena duces tecum." (Doc. 144, Order, 5:6-10.) In an order filed on July 23, 2014, following receipt of Plaintiff's list of documents he was seeking from Dr. Beard, the Court determined that it was in the interest of justice to authorize the issuance of a subpoena duces tecum commanding the production of two categories of documents, and it placed the parties on notice in accordance with Federal Rule of Civil Procedure 45(a)(4). (Doc. 147, Order, 2:3-11.)

On August 15, 2014, the Court ordered the United States Marshal to serve a subpoena commanding Dr. Beard to produce the following documents to Plaintiff on September 26, 2014: (1) all documents relating to and generated by the incident on July 9, 2002, at California State

---

[1] Plaintiff's argument that the opposition was untimely has no merit. (Doc. 159, court record p. 5, ¶8.) The opposition was filed on the twenty-first day. Fed. R. Civ. P. 6(a).

Prison-Corcoran, B Facility Kitchen, in which Darren Harris, J-12467, was (a) injured by the liquid "powerwash" soap he was cleaning with and (b) subsequently charged with refusal to work, including but not limited to incident reports, investigatory reports, witness statements, memoranda, Harris's CDCR 602 inmate appeals, CDCR 115 Rules Violation Reports, worker's compensation documents, documentation of chemical exposure, and medical records; and (2) all institutional safety training logs or other documents relating to training received by prison staff members and defendants (a) Aleesa D. Williams, (b) Rhonda Lowden, (c) Julian Kim, M.D., and (d) Kenneth A. Olivarria which relate to training they received or should have received as employees in or supervisors over the kitchen(s) at California State Prison-Corcoran, for the two-year period immediately preceding July 9, 2002.  (Docs. 148, 149.)  Service was effected on August 19, 2014.  (Doc. 149.)

On October 2, 2014, Plaintiff filed a motion seeking a civil contempt order against Dr. Beard for failing to comply with the subpoena duces tecum.  Plaintiff argues that Dr. Beard's failure to produce any documents in compliance with the subpoena prejudiced him by depriving him of documents he needs to prepare for trial.  In his supplemental motion filed on October 22, 2014, Plaintiff, having by then received some documents, argues that the response was incomplete and otherwise deficient.

On October 24, 2014, Dr. Beard filed an opposition stating that pursuant to his authority to require records custodians to produce the documents, the subpoena was directed to records custodians at the institutions where the responsive records were kept: California State Prison-Corcoran and California Men's Colony.  Dr. Beard represents that on or around September 19, 2014, Mary Kimbrell, the Litigation Coordinator at California State Prison-Corcoran, produced a worker's compensation claim summary responsive to request 1 and a training log for Defendant Olivarria responsive to request 2.  Ms. Kimbrell did not find any other responsive documents.  H. Cervantez, the Litigation Coordinator at California Men's Colony, located only one responsive document, a State Compensation Insurance Fund letter.  In addition, Mr. Cervantez requested Plaintiff's medical records from CDCR archives in Sacramento, which Dr. Beard states will be sent to Plaintiff once they are retrieved.

On October 28, 2014, Dr. Beard filed a notice stating that thirty-four additional documents were located and sent to counsel for Dr. Beard and Defendants, who forwarded them to Plaintiff.

In reply, Plaintiff contends that Dr. Beard failed to fully comply with the subpoena because he failed to produce all of the documents sought by Plaintiff. Furthermore, Plaintiff takes issue with Ms. Kimbrell's production of documents via regular mail rather than legal mail, which resulted in staff at the prison opening his mail. Plaintiff asserts that Ms. Kimbrell intentionally sent the documents by regular mail to alert prison staff of his pending lawsuit, which may result in retaliatory harassment toward him. Plaintiff is also dissatisfied with the response to the subpoena because the documents produced were previously produced by Defendants, and the "training log" was not a "log" but a list of videotapes Defendant Olivarria watched. In his supplemental brief, Plaintiff contends that the thirty-four documents he received from counsel were documents he submitted in support of his complaint filed on January 3, 2005.

### B.     No Basis for Contempt Proceedings

#### 1.     Legal Standard

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(D), a subpoena commanding the production of documents requires the responding party to permit inspection or copying of the materials. Following service of a subpoena duces tecum, the responding party may serve objections "before the earlier of the time specified for compliance or 14 days after the subpoena is served," and if an objection is made, the serving party may move for an order compelling production or inspection. Fed. R. Civ. P. 45(d)(2)(B). The responding party *may* be held in contempt for failing to obey the subpoena without adequate excuse. Fed. R. Civ. P. 45(g); *Pennwalt Corp. v. Durand-Wayland*, 708 F.2d 492, 494 (9th Cir. 1983).

Sanctions for civil contempt may be imposed to coerce obedience to a court order or to compensate a party for injuries resulting from the contemptuous behavior, or both. *General Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986) (quotations marks and citations marks omitted). "[T]here is no good faith exception to the requirement of obedience to a court order[,] [b]ut a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of the court's order." *In re Dual-Deck Video Cassette*

4

*Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993) (citations and internal quotations omitted); *accord Armstrong v. Brown*, 939 F.Supp.2d. 1012, 1018-19 (N.D.Cal. 2013). Thus, Dr. Beard's motivation and the steps he took to comply are relevant to Plaintiff's motion for a contempt order. Critically, "[s]ubstantial compliance with the court order is a defense to civil contempt, and is not vitiated by a few technical violations where every reasonable effort has been made to comply." *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695 (citation and internal quotations omitted); *accord Armstrong*, 939 F.Supp.2d. at 1018-19.

### 2. **Findings**

#### a. **Production of Records by Mail**

Plaintiff's assertion that Ms. Kimbrell intentionally committed misconduct by mailing him the responsive documents without designating them as "legal mail" in order to facilitate harassment against him is entirely unsupported. Plaintiff is incorrect that the documents were entitled, in this action, to some sort of special protection prohibiting the prison from opening the incoming envelope; filings in this case are a matter of public record and Plaintiff was not engaged in corresponding with his own attorney, a situation in which there are legitimate confidentiality concerns. *See Nordstrom v. Ryan*, 762 F.3d 903, 909-12 (9th Cir. 2014) (addressing prison's practice of reading inmate's confidential mail to his attorney). To the extent prison regulations provide Plaintiff with broader protection than he enjoys under federal law, it is of no concern in this case. Ms. Kimbrell mailed two documents, one of which pertains to Defendant Olivarria and therefore provides no basis for Plaintiff to advance any privacy claim. The second document is Plaintiff's state compensation claim form regarding chemical burns, which contains minimal information but regardless, to the extent Plaintiff is suggesting some sort of privacy interest violation, that interest was waived by filing this suit for injuries sustained by chemical burns and by seeking service of the subpoena commanding document production. *See e.g.*, *Anderson v. Clawson*, No. C 13-0307 LHK (PR), 2014 WL 3725856, at *2 (N.D.Cal. 2014) (plaintiff not entitled to quash subpoena where he waived privacy right in his medical records by placing his medical condition at issue in lawsuit). Any intimation that Plaintiff was somehow harmed by the production of the two documents, at his own initiation, is untenable. Finally, it is also wholly

immaterial – for purposes of this case and under federal law - that Ms. Kimbrell failed to put her name on the envelope, arguably, per Plaintiff, a prison regulation violation.

### b.  **Substantive Production**

Plaintiff's dissatisfaction with the substantive document response is also baseless. The subpoena commanded the production of any documents responsive to requests 1 and 2, and Dr. Beard responded by producing, through Ms. Kimbrell and H. Cervantez, the documents he represents were responsive. Plaintiff mischaracterizes Ms. Kimbrell's response as a refusal to produce documents but she attested under penalty of perjury that no other responsive documents exist, which is a distinction with a difference. (Doc. 156-1, Def. Opp., p. 5.) While Plaintiff advances an argument relating to the issue of spoliation, there is no evidence that additional responsive documents exist or that Dr. Beard, a non-party who was not appointed to his position until long after the events at issue occurred and the lawsuit was filed and served, was responsible for the improper destruction of evidence.[2,3] Plaintiff's speculative arguments do not supplant the need to produce evidence of any alleged misconduct. To the extent Plaintiff is skeptical because Ms. Kimbrell produced fewer documents than Defendants did during discovery or than Plaintiff himself possesses, Defendants were subject to broader discovery requests, as Dr. Beard asserts in his opposition, and Plaintiff was subsequently served with additional medical records that were maintained in archives. The argument that there *should* be more is insufficient to demonstrate that Dr. Beard or the staff to whom he delegated the task of responding withheld documents from Plaintiff.

Finally, the argument that production was deficient because Plaintiff is already in possession of some of the documents is entirely unavailing, and the argument that Plaintiff

---

[2] The Court takes judicial notice of the fact that Dr. Beard was appointed as Secretary in 2012, a fact which is available on CDCR's public website. Fed. R. Evid. 201; *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010).

[3] "*Parties* to a civil action in federal court are under a duty to preserve evidence that they *know* is relevant or reasonably could lead to the discovery of admissible evidence." *Young v. Facebook, Inc.*, No. 5:10-cv-03579-JF/PVT, 2010 WL 3564847, at *1 (N.D.Cal. Sept. 13, 2010) (citing *Leon v. IDX Systems, Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)) (emphasis added). "This obligation, backed by the court's inherent power to impose sanctions for the destruction of such evidence, is sufficient in most cases to secure the preservation of relevant evidence." *Young*, 2010 WL 3564847, at *1.

received a summary of videotapes viewed rather than a "log" is unpersuasive.  To be subject to production, the documents must actually exist and under the circumstances, Plaintiff is in no position to quarrel with either the quantity or the quality of the documents produced or the methods in which prison staff are trained.  As to the latter issue, production of a videotape viewing log indicates that Defendant Olivarria received some training through instructional videotapes, a form of training which is neither novel nor a cause for suspicion.

### c. Conclusion

The Court finds that Plaintiff's objections to Dr. Beard's substantive response lack merit, and while compliance appears to have been technically late from a procedural standpoint because Ms. Kimbrell sent documents through the mail and other documents had to be retrieved from archives, the untimeliness was not significant and it did not cause Plaintiff any discernible actual prejudice.  Furthermore, the record is devoid of *any* evidence that the tardiness was attributable to lack of due diligence, willful dilatory conduct, etc.  Under the circumstances, holding Dr. Beard in civil contempt for a technical procedural violation despite his substantial compliance with the subpoena cannot be justified under the law.  *In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d at 695; *Armstrong*, 939 F.Supp.2d. at 1018-19.

### III. Order

Accordingly, Plaintiff's motion leave to file a supplemental brief is GRANTED, nunc pro tunc to November 7, 2014, and Plaintiff's motions for a contempt order against Dr. Beard, filed on October 2, 2014, and October 22, 2014, are DENIED.[4]

IT IS SO ORDERED.

Dated:  **April 7, 2015**       /s/ Sheila K. Oberto
UNITED STATES MAGISTRATE JUDGE

---

[4] Nor is Plaintiff entitled to sanctions under the Court's inherent authority, a form of relief specified in his supplemental motion. *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767, 100 S.Ct. 2455 (1980); *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009); *Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001); *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478-80 (9th Cir. 1989).  (Doc. 155, 2nd Motion, p. 17.)