# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | Case No. 1:05-cv-00003-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR ISSUANCE OF SUBPOENA DUCES TECUM COMMANDING MARY KIMBRELL TO PRODUCE DOCUMENTS |
| v. | |
| KIM, et al., | |
| Defendants. | (Doc. 158) |

## I. Procedural Background

Plaintiff Darren Harris ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment. (Doc. 87.) This action was previously scheduled for trial on April 21, 2015, but on September 25, 2014, based Defendant Kim's deployment to Afghanistan, the Court vacated the trial date and stayed the case pursuant to 50 App. U.S.C. § 522(b), Servicemembers Civil Relief Act of 2003. (Doc. 150.) Pursuant to the stay order, Defendants Olivarria, Williams, Lowden, and Kim ("Defendants") are required to file a status report on or before June 1, 2015.

On November 3, 2014, Plaintiff filed a motion seeking the issuance of a subpoena duces tecum commanding California State Prison-Corcoran Litigation Coordinator Mary Kimbrell to

produce documents.  Fed. R. Civ. P. 45.  Defendants did not file a response.  Local Rule 230(*l*).  For the following reason, Plaintiff's motion is denied.

## II.     Discussion

The discovery phase in this case is closed, with the limited exception of a subpoena duces tecum served on California Department of Corrections and Rehabilitation Secretary Jeffrey Beard, Ph.D.  The Court addressed the issue in detail in an order filed on July 9, 2014, and it stated, "[G]iven the confusion interjected into these proceedings by virtue of Plaintiff's receipt of a non-court authorized subpoena duces tecum and his apparent misimpression that the parties had extended the discovery deadline by agreement, justice may require a limited extension of the discovery deadline to permit Plaintiff to obtain a court-authorized subpoena duces tecum." (Doc. 144, Order, 5:6-10.)  In an order filed on July 23, 2014, following receipt of Plaintiff's list of documents he was seeking from Dr. Beard, the Court determined it was in the interest of justice to authorize the issuance of a subpoena duces tecum commanding the production of two categories of documents, and it placed the parties on notice in accordance with Federal Rule of Civil Procedure 45(a)(4). (Doc. 147, Order, 2:3-11.)

On August 15, 2014, the Court ordered the United States Marshal to serve a subpoena commanding Dr. Beard to produce the following documents to Plaintiff on September 26, 2014: (1) all documents relating to and generated by the incident on July 9, 2002, at California State Prison-Corcoran, B Facility Kitchen, in which Darren Harris, J-12467, was (a) injured by the liquid "powerwash" soap he was cleaning with and (b) subsequently charged with refusal to work, including but not limited to incident reports, investigatory reports, witness statements, memoranda, Harris's CDCR 602 inmate appeals, CDCR 115 Rules Violation Reports, worker's compensation documents, documentation of chemical exposure, and medical records; and (2) all institutional safety training logs or other documents relating to training received by prison staff members and defendants (a) Aleesa D. Williams, (b) Rhonda Lowden, (c) Julian Kim, M.D., and (d) Kenneth A. Olivarria which relate to training they received or should have received as employees in or supervisors over the kitchen(s) at California State Prison-Corcoran, for the two-year period immediately preceding July 9, 2002. (Docs. 148, 149.)  Service was effected on

August 19, 2014, and in a separate order issued concurrently with this order, the Court denied Plaintiff's motion for a civil contempt order against Dr. Beard, who responded to the subpoena but did so after the specified production date.

In response to the subpoena served on Dr. Beard, Ms. Kimbrell, on behalf of Dr. Beard, produced a training report identifying the training received by Defendant Olivarria.  (Doc. 156, Opp., Ex. A, court record p. 7.)  Plaintiff now seeks a subpoena commanding Ms. Kimbrell to produce other documents, including documents identifying the training instructors; minutes from meetings held on January 18, 2002, and on June 21, 2002; and other "documents going up the chain of command" from Defendant Olivarria to Warden Galaza.  (Doc. 158, court record p. 6.)

The Court's order of July 9, 2014, was very clear on two points: (1) it was authorizing the issuance of one subpoena duces tecum commanding Dr. Beard to produce those documents responsive to PODs 6 and 10[1] and (2) it was authorizing the subpoena only in the interest of justice given the potential confusion resulting from informal communications between Plaintiff and counsel.  Plaintiff's motion for a contempt order against Dr. Beard was denied by separate order, as Dr. Beard produced those documents determined to be responsive to the subpoena.  Thus, the limited discovery issue left to be resolved following the order of July 9, 2014, is now resolved. Neither Plaintiff's dissatisfaction with the documents netted in the final round nor his desire to use that response to springboard into a new round provides a legitimate basis to reopen discovery. Fed. R. Civ. P. 16(b)(4).

**III.    Order**

Accordingly, Plaintiff's motion for a subpoena duces tecum commanding Mary Kimbrell to produce additional documents is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:   **April 7, 2015**               **/s/ Sheila K. Oberto**
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Doc. 121, Order, 8:20-26, 10:17-26, & 11:8-11; Doc. 144, Order, 5:1-4, defining and limiting remaining discovery issues.