1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | Case No. 1:05-cv-00003-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION TO COMPEL, WITH PREJUDICE |
| v. | (Doc. 175) |
| KIM, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005.  This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment.  This case is set for jury trial on January 26, 2016, before the Honorable Anthony W. Ishii.

Pending before the Court is Plaintiff's motion to compel, filed on June 15, 2015.  Citing to Fed. R. Civ. P. 26(e), 34(b) and 37(a), Plaintiff seeks to compel third party Jeffrey Beard, Ph.D., to produce thirty-four separately enumerated documents, or categories of documents.  None of these rules apply to Dr. Beard because he is not a party to this action, and Plaintiff's motion fails as a matter of law.

Moreover, the Court's orders of July 9, 2014, July 23, 2014, and April 8, 2015, control Plaintiff's previous request for the production of documents by a non-party and pursuant to those

1  orders, there will be no further discovery conducted.  Fed. R. Civ. P. 45.  (Docs. 144, 147, 166.)

2  The discovery phase of this litigation concluded with the order filed on April 8, 2015, and there is

3  no legitimate explanation for attempting to contravene the Court's prior orders and engage in

4  further discovery.

5      Finally, parties have an obligation under Federal Rule of Civil Procedure 26(e) to

6  supplement or correct their disclosures or responses, as provided under the rule.[1]  *Ollier v.*

7  *Sweetwater Union High School Dist.*, 768 F.3d 843, 863 (9th Cir. 2014) (citing *Republic of*

8  *Ecuador v. Mackay*, 742 F.3d 860, 865 (9th Cir. 2014)).  This duty continues even after the close

9  of discovery and a violation may support the imposition of sanctions, including the preclusion of

10 evidence at trial.  *Ollier*, 768 F.3d at 859-64; *U.S. v. Boyce*, 148 F.Supp.2d 1069, 1088 (S.D.Cal.

11 2001).  To the extent Plaintiff's motion can be construed to include a request for an order requiring

12 Defendants to comply with Rule 26(e), the Court does not engage in the practice of issuing

13 advisory orders directing litigants to comply with known duties and obligations.[2]  Plaintiff fails to

14 identify any specific disclosure or response in need of supplementation or correction, or any basis

15 for a reasonable belief that there is information requiring supplementation or correction.[3]

16     For the reasons set forth herein, Plaintiff's motion to compel is DENIED, with prejudice.

17

18 IT IS SO ORDERED.

19    Dated:   **July 29, 2015**                **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24
---
[1] Supplemental disclosures and responses are not required if the additional or corrective information is otherwise
25 made known to the opposing party during discovery or in writing. Fed. R. Civ. P. 26(e)(1)(A).

26 [2] Dr. Beard is not a party and the Rule 26(e) disclosure obligation does not apply to him. *Ollier*, 768 F.3d at 863.

27 [3] The Court will not search the record, either.  The Court has hundreds of cases pending before it and it cannot and
will not be saddled with the expectation that it search the record just in case there are earlier motions or exhibits which
28 lend context to Plaintiff's motion.  Plaintiff is obligated to include all the requisite information in his motion and
include any necessary evidence; the motion must be complete within itself.