# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KIM, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:05-cv-00003-AWI-SKO (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION, WITH PREJUDICE<br><br>(Doc. 176) |

Plaintiff Darren Harris, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Harris' Fourth Amended Complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment. This case is set for jury trial on January 26, 2016.

On June 15, 2015, Harris filed a motion for reconsideration of the Magistrate Judge's order denying his motion for an order of contempt against third party Jeffrey Beard. See Fed. R. Civ. P. 45(g). On June 26, 2015, Defendants filed an opposition. The motion is submitted upon the record without oral argument pursuant to Local Rule 230(l). Harris' request for a hearing is denied.

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted). The

moving party must demonstrate both injury and circumstances beyond his control.  Id. (quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in relevant part, that the movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," (Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks and citations omitted)), and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," (U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001) (internal quotation marks and citation omitted); see also In re Pacific Far East Lines, Inc., 889 F.2d 242, 250 (9th Cir. 1989) (Rule 60(b)(6) may provide relief where parties were confronted with extraordinary circumstances but it does not provide a second chance for parties who made deliberate choices)).

The Magistrate Judge considered Harris' arguments and explained the basis for her rulings in the order denying his motion for a contempt order.  Doc. 166.  Harris' mere disagreement with the Magistrate Judge's ruling does not support reconsideration.  Furthermore, Harris' conflation of discovery-related issues reaching back several years with his request for reconsideration of the order filed on April 8, 2015 is procedurally improper and those arguments will not be considered. In more than one order, the Magistrate Judge clearly explained what discovery issues were left to be resolved and why; and Harris may not, under the guise of reconsideration of a specific order, attempt to relitigate those issues.  See, e.g., Docs. 121, 130, 144.

2

1   Accordingly, Harris' motion for reconsideration is HEREBY DENIED, with prejudice.

IT IS SO ORDERED.

Dated:  August 3, 2015                           _____
                                                 SENIOR DISTRICT JUDGE

3