# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARREN HARRIS, | Case No. 1:05-cv-00003-AWI-SKO (PC) |
| Plaintiff, | ORDER ADDRESSING CONSENT MOTION AND DENYING MOTION FOR ORDER OF MANIFEST INJUSTICE |
| v. | |
| KIM, et al., | (Docs. 198 and 199) |
| Defendants. | |

## I. Procedural Background

Plaintiff Darren Harris ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 3, 2005. This action is proceeding on Plaintiff's fourth amended complaint against Defendants Olivarria, Williams, and Kim for violation of the Eighth Amendment, and against Defendants Olivarria and Lowden for violation of the First Amendment. This case was set for jury trial on January 26, 2016, but the trial date was vacated on December 4, 2015, after the Court was notified Plaintiff's property had been packed and stored pending his transfer to a new institution. On December 15, 2015, and on December 18, 2015, Plaintiff filed miscellaneous motions seeking relief related to the issues of consent to Magistrate Judge jurisdiction and access to his legal property.

///
///
///

**II.     Discussion**

     **A.     Order Addressing Consent Motion**

On December 15, 2015, Plaintiff filed a statement regarding his "non-consent" to Magistrate Judge jurisdiction and missing property boxes. Plaintiff entitled his filing a motion and as a result, it was docketed as such. Consent to or decline of Magistrate Judge jurisdiction is an issue of election for each party rather than the subject of a motion. Therefore, the Clerk's Office shall administratively terminate the motion. Plaintiff previously declined Magistrate Judge jurisdiction and that decline remains in effect in the absence of consent. (Doc. 98.)

Plaintiff may address his property status at the hearing on February 1, 2016. For the reasons set forth below, no further discussion or relief is warranted at this juncture.

     **B.     Motion for "Order of Manifest Injustice"**

On December 4, 2015, the Court granted Plaintiff's motion for a continuance, vacated the dates set in the pretrial order, and set a telephonic status conference for February 1, 2016, to address Plaintiff's property access given his recent transfer to a new institution. On December 18, 2015, Plaintiff filed a motion seeking an "order of manifest injustice, for record in the court." (Doc. 199, p. 2.)

Plaintiff misapprehends his present entitlement to any further relief on this issue. This case is not set for trial on February 1, 2016. The Court *vacated* the trial date and related dates to *prevent* the manifest injustice that would have resulted from requiring Plaintiff to try his case without his legal materials. The parties are scheduled to discuss the status of Plaintiff's property access and potential trial dates during the telephonic hearing set for February 1, 2016. Until that hearing, *nothing further is required of the parties*. An "order of manifest injustice" is not a recognized form of relief, and any assertion that Plaintiff has suffered manifest injustice as a result of the disruption in his property access lacks merit given the Court's prophylactic order of December 4, 2015.

///

///

///

### III.    **Order**

Accordingly, as discussed above, Plaintiff's "motion for non-consent" (Doc. No. 198) and Plaintiff's motion for an "order of manifest injustice" (Doc. No. 199) are DENIED.

IT IS SO ORDERED.

Dated:   December 24, 2015                                   _____
SENIOR DISTRICT JUDGE